**United States District Court, Eastern District of New York**

*Bodon, et al. v. Domino's Pizza LLC*
Case No. 09-cv-02941(SLT/RLM)

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice.  This is not a solicitation from an attorney.*

- This Notice relates to a proposed settlement in a class action lawsuit that alleges that Domino's Pizza LLC ("Domino's") violated the New York Labor Law ("NYLL").  The two sides disagree as to whether Domino's conduct was permitted under the NYLL, whether Domino's would be liable under the NYLL with respect to that conduct, and if so, the extent of any such liability. Domino's denies that it violated the law in any fashion whatsoever. The parties have agreed to resolve the lawsuit by a settlement.

- All capitalized terms in this Notice have meanings defined herein or in the Class Action Settlement Agreement ("Settlement Agreement").

- There is one proposed Settlement Class that includes all persons employed as a delivery driver or customer service representative ("CSR") at any Domino's-owned store in the State of New York between July 9, 2003 and March 2, 2014.

- You may be entitled to receive money under the terms of this Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you wish to receive benefits under the Settlement, you need to complete the Claim Form that was mailed to you and return it timely postmarked by **DATE**. |
| **Do Nothing** | If you do not return the Claim Form that was mailed to you, you will receive no monetary recovery but will lose your right to sue Domino's for any and all claims that have been released by the Settlement Agreement. |
| **Exclude Yourself** | Get no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action (such as arbitration) against Domino's relating to any and all claims that otherwise would be released by the Settlement Agreement.  See instructions for excluding yourself below. |
| **Object** | Write to the Court about why you object to the Settlement. See instructions for objecting below. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this Settlement, which may take some time.

# **TABLE OF CONTENTS**

Basic Information

    Why did I get this Notice?

    What is the lawsuit about?

    Why is this case a class action?

    Why is there a Settlement?

Who Is In The Settlement

    How do I know if I am part of the Settlement?

The Settlement Benefits – What You Get

    What does the Settlement provide?

    How can I get a benefit?

    When would I get my benefit?

    What am I giving up to get a benefit or stay in the class?

    How do I get out of the Settlement?

    If I don't exclude myself, can I sue Domino's for the same thing later?

    If I exclude myself or I don't submit a Claim Form, can I get benefits from this Settlement?

The Attorneys and Class Representatives Representing You

    Do I have an attorney in this case?

    How will the attorneys be paid?

    Who are the Class Representatives and what additional compensation do they receive?

Objecting To The Settlement

    How do I tell the Court that I don't like the Settlement?

    What's the difference between objecting and excluding?

    Where and when will the Court decide whether to approve the Settlement?

    Do I have to come to the hearing?

    May I speak at the hearing?

Getting More Information

    Are there more details about the Settlement?

    How do I get more information?

| Basic Information |
|---|

### 1. Why did I get this Notice?

You may be viewing this Notice because you received a shorter notice and Claim Form in the mail. This Notice has been posted for the benefit of potential members of the following Settlement Class:

> All persons employed as a delivery driver or customer service representative ("CSR") at any Domino's-owned store in the State of New York between July 9, 2003 and March 2, 2014.

You may be a member of this class. Composition of the Settlement Class is determined by Domino's records.

This Notice has been posted because members of the Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class who submit a Claim Form.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed at the Settlement Website: www.XXXXXXXX.com. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Bodon, et al. v. Domino's Pizza LLC*, Case No. 09-cv-02941(SLT/RLM). The persons who filed this lawsuit are called the Plaintiffs, and Domino's Pizza LLC is the Defendant.

### 2. What is the lawsuit about?

Plaintiffs alleged that Domino's added delivery charges to delivery orders, and that a reasonable consumer would believe those charges to be a tip for the delivery driver, but that Domino's did not distribute those charges to the delivery drivers. Plaintiffs contended that these delivery charges were "gratuities" under New York law that belong to the delivery drivers. Plaintiffs also alleged that Domino's failed to reimburse New York delivery drivers and CSRs for certain expenses, including but not limited to the purchase of alleged "uniform" items, in connection with their employment with Domino's, and that Domino's was obligated, but did not, provide a uniform maintenance allowance to its New York delivery drivers and CSRs. Based on these allegations, Plaintiffs seek to recover damages.

Domino's vigorously disputes the Plaintiffs' allegations, denies it violated any law, and denies all liability to Plaintiffs and the Settlement Class. In the lawsuit, Domino's has denied Plaintiffs' allegations and has raised a number of defenses to the claims asserted.

The Court has not made a determination as to whether Plaintiffs or Domino's are right. Although the Court has authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

### 3. Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, Representative Plaintiffs ("Class Representatives") seek to assert claims on behalf of all members

of a class or classes of similarly situated people. In a class action, people with similar claims are treated alike. Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

### 4. Why is there a Settlement?

The Court did not decide this case in favor of the Class Representatives or in favor of Domino's. The parties have investigated the facts and applicable law regarding the Class Representatives' claims and Domino's defenses. This Settlement was reached through the parties' participation in a settlement conference presided over by a United States Magistrate Judge. The Class Representatives and Counsel for the Settlement Class believe that the proposed Settlement Agreement is fair, reasonable, and adequate and in the best interests of the class. Domino's denies liability. The parties agree this Settlement will avoid the uncertainties and expense of further litigation.

## Who Is In The Settlement

### 5. How do I know if I am part of the Settlement?

You are a part of the Settlement if you were employed by Domino's as a delivery driver or CSR at any Domino's-owned store in the State of New York between July 9, 2003 and March 2, 2014.

If you received a postcard notice, Domino's records indicate you are a member of the Settlement Class. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator to find out. In all cases, the question of class membership will be determined based on Domino's records.

## The Settlement Benefits—What You Get

### 6. What does the Settlement provide?

If you are a member of the Settlement Class, you may receive benefits under the Settlement.

Through this Settlement, Domino's will distribute to each member of the class who timely returns a properly completed Claim Form a settlement payment comprising the sum of the following:

> For each week of their employment as a delivery driver for Domino's between July 9, 2003 and May 31, 2010, class members will receive $13 if they worked more than 30 hours and $10 if they worked 30 or fewer hours. Half of this weekly amount will be subject to adjustments and deductions for applicable taxes and withholdings from wages as required by federal, state, and local law, and the other half of this weekly amount shall be paid as non-wage damages without withholdings.

> For each week of their employment as a delivery driver or CSR between July 9, 2003 and December 31, 2010, class members will receive $4.

> For each week of their employment as a delivery driver or CSR between July 9, 2003 and [date of data pull], class members will receive an additional $2.

Payments to class members are contingent on final court approval. If any settlement funds remain after 120 days due to un-cashed or non-negotiated checks, such funds shall be returned to Domino's. Neither Class Counsel

nor Domino's makes any representations concerning tax consequences of this settlement or participation in it, and you are free to seek tax advice prior to acting in response to this Notice.

### 7. How can I get a benefit?

To qualify and receive benefits, you need to return the Claim Form that was mailed to you, postmarked on or before **DATE**. The completed Claim Form must include your current name, former name (if different during employment at Domino's), address, telephone number, e-mail address (if applicable), and the last four digits of your Social Security number. It must also include your certification under penalty of perjury that all information on the Claim Form is true and correct. You may send the Claim Form to the Settlement Administrator within an envelope if you prefer. If so, you will need to supply postage.

Your interest as a member of the Settlement Class will be represented by the Class Representatives and Counsel for the Settlement Class. If the Settlement is approved and you timely return the Claim Form, the Settlement Administrator will send you any monies to which you are entitled under the Settlement. If you do not opt out, you will be bound by any judgment arising from the Settlement whether or not you submit a Claim Form.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

### 8. When would I get my benefit?

The Court will hold a Final Fairness Hearing at **TIME** on **DATE** in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, 11201 to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Payments to members of the Settlement Class will be made only if the Settlement is finally approved. This may take some time, so please be patient.

### 9. What am I giving up to get a benefit or stay in the class?

Upon the Court's approval of the Settlement, all members of the Settlement Class who submit a Claim Form and all members of the Settlement Class who do not submit a Claim Form and do not opt-out (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Domino's (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Domino's as specified in the Settlement Agreement) from any and all claims, including claims for statutory damages and actual damages, arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged in this case, or based on legal theories asserted in this case or which could have been asserted based on the facts alleged in this case, including but not limited to any claims related directly or indirectly in any manner whatsoever to those claims raised by Plaintiffs. Notwithstanding the foregoing, all members of the Settlement Class who do not submit a Claim Form and do not opt out shall not be deemed to waive or release any rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit www.XXXXXXXX.com.

### 10. How do I get out of the Settlement?

If you choose to be excluded or "opt-out" from the Settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Domino's you might have. To request exclusion, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first-class mail, postmarked on or before **DATE**, addressed to:**

Bodon v. Domino's Claims Administrator
c/o [Administrator's Name]
[Administrator's Address]
[Administrator's Phone #]

**If the request is not postmarked on or before \*\*DATE\*\*, your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims that arise out of or relate in any way to the claims in the case as specified in the release referenced in Paragraph 9 above.

**11. If I don't exclude myself, can I sue Domino's for the same thing later?**

Yes and No. Even if you don't exclude yourself, as long as you do not file a Claim Form & Release, you will keep any existing rights to sue Domino's under the Fair Labor Standards Act ("FLSA"). If you file a Claim Form & Release, you will release rights under the FLSA as well. Whether or not you file a Claim Form & Release, by not excluding yourself, you give up any rights to sue Domino's for the state and/or local law claims that were brought or could have been brought in this case.

**12.   If I exclude myself or I don't submit a Claim Form, can I get benefits from this Settlement?**

No, you will not receive any benefit from the Settlement if you either exclude yourself or you do not submit a Claim Form. Further, unless you exclude yourself, you give up any right to sue Domino's for the claims that this Settlement resolves, even if you do not file a Claim Form. *If you have a pending claim or lawsuit, speak to your attorney in that case immediately*.

**The Attorneys Representing You**

**13. Do I have an attorney in this case?**

The Court has appointed the following attorneys as Counsel for the Settlement Class:

| | |
|---|---|
| George Hanson | Mark Potashnick |
| Ashlea Schwarz | Weinhaus & Potashnick |
| Stueve Siegel Hanson | 11500 Olive Boulevard, Suite 133 |
| 460 Nichols Rd., Suite 200 | St. Louis, MO  63141 |
| Kansas City, MO  64112 | Phone: (314) 997-9150 ext. 2 |
| Phone: (816) 714-7100 | |

Counsel for the Settlement Class represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

**14. How will the attorneys be paid?**

Counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, plus documented, customary out-of-pocket expenses incurred during the case. This amount will be determined by the Court at the conclusion of the claims process, and will be paid by Domino's.

### 15. Who are the Class Representatives and what additional compensation do they receive?

The Court has appointed Donna Annunziato and Kevin Curry as Class Representatives. Ms. Annunziato and Mr. Curry initiated the lawsuit, they participated in discovery and assisted Counsel for the Settlement Class, and they accepted all risks of bringing the suit. Counsel for the Settlement Class will seek compensation for the two Class Representatives in an amount not to exceed $5,000.00 each. These amounts will be paid by Domino's.

### Objecting To The Settlement

### 16. How do I tell the Court that I don't like the Settlement?

You can object to any aspect of the proposed Settlement by filing and serving a written objection. Your written objection must include: (1) evidence that you are a member of the Settlement Class; (2) a notice of your intent to appear at the Final Fairness Hearing on **at \*\*TIME\*\* on \*\*DATE\*\*** in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of the same, which you may offer at the Final Fairness Hearing.

**You must file any objection with the Clerk of the Court at the address below by \*\*DATE\*\*.**

United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Please prominently reference: *Bodon, et al. v. Domino's Pizza LLC*, Case No. 09-cv-02941(SLT/RLM)

**You must also send your objection by first-class mail, postmarked on or before \*\*DATE\*\***, to Counsel for the Settlement Class and counsel for Domino's. These documents should be mailed to Counsel for the Settlement Class at:

Mark Potashnick
Weinhaus & Potashnick
11500 Olive Boulevard, Suite 133
St. Louis, Missouri 63141

and to counsel for Domino's at:

David Kurtzer-Ellenbogen
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

### 17. Where and when will the Court decide whether to approve the Settlement?

7

There will be a Final Fairness Hearing to consider approval of the proposed Settlement **at \*\*TIME\*\* on \*\*DATE\*\*** at the United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, 11201. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representatives and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed Settlement. The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses and Class Representatives' incentive awards.

You will be represented at the Final Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel, but you will be responsible for paying your own attorney if you chose to be represented by an attorney other than the Settlement Class Counsel. The appearance of your own attorney is not necessary to participate in the Final Fairness Hearing.

**18. Do I have to come to the hearing?**

No. Counsel for the Settlement Class will represent the Settlement Class at the Final Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to attend the Final Fairness Hearing to present your objection to the Court and respond to any inquiries. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own attorney to attend, if you wish.

**19. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.

**Getting More Information**

**20. Are there more details about the Settlement?**

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, 11201, File: *Bodon, et al. v. Domino's Pizza LLC*, Case No. 09-cv-02941(SLT/RLM). The full Settlement Agreement and certain pleadings filed in the cases are available at www.XXXXXX.com or can be requested, in writing, from the Settlement Administrator, identified in Paragraph 10 above.

**21. How do I get more information?**

You can visit www.XXXXXX.com or contact the Settlement Administrator, identified in Paragraph 10 above. **Please do not contact the Court for information.**